IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LASERLOCK TECHNOLOGIES, INC. | : | CIVIL ACTION |
| v. | : | |
| WS PACKAGING GROUP, INC. | : | NO. 10-5439 |

**MEMORANDUM AND ORDER**

Ditter, J.                                                                                                                                                                                      August 18th, 2011

This case comes before the court on WS Packaging Group, Inc.'s motion to dismiss or to transfer to a proper venue LaserLock Technologies, Inc.'s patent infringement claim and state law claims of unjust enrichment and unfair competition. For the reasons that follow, I will transfer the patent case and dismiss the state claims without prejudice.

**I. Motion to Dismiss or Transfer Patent Infringement Claim for Improper Venue**

**A. Legal Standards**

A patent infringement case "may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). LaserLock does not allege (and WS Packaging has refuted) that WS Packaging has a regular and established place of business in the Eastern District. The only relevant question, therefore, is where WS Packaging "resides" for the purpose of venue.

A corporation "resides" in "any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). *See also, VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1583 (Fed. Cir. 1990) (holding the 1988 amendment to § 1391(c) defines "resides" for purposes of § 1400(b)); *Zena Assocs., LLC v.*

*Abrams*, No. 10-4955, 2011 U.S. Dist. LEXIS 28883, *19-20 (E.D. Pa. Mar. 18, 2011) (applying § 1391(c) to § 1400(b) to define "resides" in order to determine venue in a patent infringement case). Thus, "[v]enue in a patent action against a corporate defendant exists wherever there is personal jurisdiction." *Trintec Indus., Inc. v. Time to Invent, LLC*, 395 F.3d 1275, 1280 (Fed. Cir. 2005).

Federal Circuit law applies to determine personal jurisdiction in a patent infringement action. Jurisdiction is proper if appropriate under the state's long-arm statute and consistent with the Due Process Clause. *Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1348 (Fed. Cir. 2003). Because Pennsylvania's long-arm statute permits jurisdiction "to the fullest extent allowed under the Constitution," 42 Pa. Cons. Stat. § 5322(b), the minimum contacts required to establish jurisdiction must be "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

The defendant bears the burden of establishing improper venue or the need for a transfer. *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724-25 (3d Cir. 1982); *Phil. Prof'l Collections, LLC v. Young*, No. 10-0724, 2010 U.S. Dist. LEXIS 136194, *8 (E.D. Pa. Dec. 22, 2010). On such a motion, "a court must accept as true all allegations of the complaint unless contradicted by the defendant's affidavits." *Birdman v. Office of the Governor*, No. 2009-55, 2010 U.S. Dist. LEXIS 101959, *5-6 (D.V.I. 2010). *See also, Baker v. Eric M. Berman, P.C.*, No. 09-1061, 2009 U.S. Dist. LEXIS 97469, *4 (W.D. Pa. Oct. 21, 2009) (same).

### B. Facts Relevant to Venue

LaserLock alleges that it is located in the Eastern District of Pennsylvania and that WS Packaging is a Wisconsin corporation headquartered in Wisconsin. Compl. at ¶¶ 1, 2. The

patent at issue "provides a method to detect counterfeit products" with an ink that WS Packaging has allegedly infringed by "providing the ink and affixing it to game pieces." *Id.* at ¶¶ 11, 21.

LaserLock devotes two paragraphs of its complaint explicitly to the issue of personal jurisdiction:

> ¶ 5. On information and belief, WS [Packaging] is subject to personal jurisdiction in [the Eastern District] at least because it: a) regularly does business in [the Eastern District], b) has engaged in a persistent course of conduct within [the Eastern District] by directly marketing, distributing, and selling its goods throughout this District, and c) placed its products in the stream of commerce with the expectation that they will be purchased by consumers in the forum state.
>
> ¶ 6. Additionally, on information and belief, WS [Packaging] is subject to personal jurisdiction at least because of: a) WS [Packaging's] communications, interactions and sending packages to LaserLock, located in this District; b) WS [Packaging's] knowledge of Laserlock's proprietary ink; c) WS [Packaging's] knowledge of Laserlock's patented anti-counterfeit method utilizing Laserlock's proprietary ink; d) WS [Packaging's] knowledge that LaserLock is located in this District, and e) WS [Packaging's] knowledge that LaserLock would be injured in this District by WS [Packaging's] infringement activities.

In addition, LaserLock alleges the following facts relevant to jurisdiction: that WS Packaging "exchanged several e-mails, phone calls and packages" from August 2008 through October of 2009 (*id.* at ¶14); called LaserLock on May 29, 2009, *id.* ¶15; and e-mailed LaserLock on June 2, 2009, and June 22, 2009, *id.* at ¶¶ 16, 18.

WS Packaging has provided declarations stating that it does not have "an office, employees, operations, assets, a telephone or fax number, or anything else concerning its business in the counties comprising the Eastern District of Pennsylvania." (Decl. of Jennifer Brungraber, 12/14/2010, at ¶ 4.) WS Packaging's Pennsylvania presence is limited to an office in the Western District and a sales assistant and salesperson in the Middle District. (Decl. of Jennifer Brungraber, 5/20/2011, at ¶ 3.)

3

WS Packaging states further that five percent of its only Pennsylvania salesperson's business, and less than one percent of its annual sales (approximately $235,000), are derived from the Eastern District. *Id.* WS Packaging also states that "[n]one of [its] marketing efforts are especially tailored to reach or create opportunities in the Eastern District." *Id.* at ¶ 5. However, it does send mailings to its current customers, and therefore engages in direct marketing to those customers who are located in this district.

### C. Analysis of Jurisdiction for Purpose of Venue

Generally, personal jurisdiction can be established in either of two ways: (1) specific jurisdiction, where "the claim arises from or relates to conduct purposely directed at the forum state," or (2) general jurisdiction, where the "defendant maintained systemic and continuous contacts with the forum state." *Marten v. Godwin*, 499 F.3d 290, 297 (3d Cir. 2007).[1] Additionally, jurisdiction may be established under the effects test which looks at whether the defendant expressly aimed his conduct at that forum. *Id.*

#### 1. Specific Jurisdiction

LaserLock asserts specific jurisdiction based on WS Packaging's interaction with LaserLock and because of WS Packaging's knowledge of LaserLock's proprietary ink, location in the Eastern District, and that injury would occur in the Eastern District. The minimum contacts necessary for specific jurisdiction involve a three-part inquiry: (1) did WS Packaging purposefully direct its activities at the Eastern District; (2) does LaserLock's claim "arise out of"

---

[1] LaserLock's assertion that WS Packaging failed to contest personal jurisdiction, and thereby conceded such jurisdiction (Pl's Opp. Br. at 9, n.4.), is belied by the record. WS Packaging argued in its motion to dismiss that LaserLock failed to meet the minimum contacts and submitted a declaration in support.

4

or "relate to" WS Packaging's specific activities directed at the Eastern District; and (3) do additional factors ensure that jurisdiction comports with fair play and substantial justice. *Marten*, 499 F.3d at 296.

### a. Activities Directed at the Eastern District

LaserLock alleges that WS Packaging directly markets, distributes, and sells its goods in the Eastern District and has therefore availed itself of the Eastern District.[2] Although WS Packaging's contacts with the Eastern District are minimal, there is no question that it engages in some direct marketing and derives revenue, even if less than 1% if its annual sales, from this district.

### b. Does the Infringement Claim "Arise Out Of" or "Relate To" the Eastern District of Pennsylvania

In a patent infringement claim, "the claim both 'arises out of' and 'relates to' the defendant's alleged manufacturing, using, or selling *of the claimed invention.*" *Avocent Huntsville Corp. v. Aten Int'l Co., Ltd.*, 552 F.3d 1324, 1332 (Fed. Cir. 2008) (emphasis added). "The specific jurisdictional inquiry is often discerned from the commercialization of the accused

---

[2] LaserLock also argues that WS Packaging is subject to jurisdiction under the stream of commerce theory. This theory was "developed as a means of sustaining jurisdiction in products liability cases in which the product had traveled through an extensive chain of distribution before reaching the ultimate consumer. Under this theory, a manufacturer may be held amenable to process in a forum in which its products are sold, even if the products were sold indirectly through importers or distributors with independent sales and marketing schemes." *De James v. Magnificence Carriers, Inc.*, 654 F.2d 280, 285 (3d Cir.1981). The stream of commerce theory applies to patent infringement actions to establish the minimum contacts. *Viam Corp. v. Iowa Export-Import Trading Co.*, 84 F.3d 424, 428 (Fed. Cir. 1996). Here, however, WS Packaging concedes that it sells directly to customers in the Eastern District and there is no allegation that WS Packaging indirectly sells or markets its products in the Eastern District, or anywhere else. Evaluation of this theory is therefore unnecessary.

5

products or services by the defendant *in the forum.*" *Id.* (emphasis added).

LaserLock does not allege that its patent infringement claim arises out of activity *in the Eastern District*, the relevant forum for analysis of venue. Despite WS Packaging twice pointing to this deficiency in LaserLock's complaint (Def's Mot. to Dismiss at 11; Def's Reply in Support at 5), LaserLock has not addressed the issue in either of its two responses. Instead, LaserLock simply asserts that WS Packaging "sell[s] its goods throughout this District, " without ever stating that the allegedly infringing game pieces are sold or manufactured in this District. Notably, LaserLock's allegations regarding sales in this District, and its arguments regarding any sales in this District, are all in the context of general jurisdiction, not specific jurisdiction relating to the actual infringement. *See e.g.,* Pl.'s Opp. to Mot. To Dismiss at 9 (citing a case establishing "general jurisdiction over a non-resident corporation" and pointing to its "alternate basis for personal jurisdiction" supported by interaction with WS Packaging); Pl.'s Resp. at 3-4 (arguing personal jurisdiction over a patent claim is established by its "unrefuted" stream of commerce allegation and over its state claims because "the intellectual property affected by the causes of action is owned by LaserLock and is situated in this District").

Because I find that LaserLock has failed to allege that its claim of patent infringement arises out of or relates to the Eastern District of Pennsylvania, I do not evaluate whether jurisdiction would comport with fair play and substantial justice.

### 2. General Jurisdiction

To assess general jurisdiction, Courts must look to the "quality and nature" of the defendant's contacts, and consider "the maintenance of offices, assets or employees within the forum state as well as direct advertising and sales in the forum state." *Manning v. Flannery*, No.

09-3190, 2010 U.S. Dist. LEXIS 1091, *17 (E.D. Pa. Jan. 7, 2010) (internal quotations and citations omitted). WS Packaging's contacts with the Eastern District of Pennsylvania, although enough to meet the minimum contacts required under the first prong of specific jurisdiction, are insufficient to establish general jurisdiction.

WS Packaging does not have an office or an employee in the Eastern District, but simply a single salesperson, located elsewhere, who does just five percent of his business in this district. Mailings to existing customers whose purchases comprise less than one percent of the company's revenue is not the sort of direct advertising that establishes general jurisdiction. *See e.g., Henning v. Suarez Corp.*, 713 F. Supp. 2d 459, 470 (E.D. Pa. 2010) (finding no general jurisdiction where total sales to the forum were less than two percent); *Ciolli v. Iravani*, 651 F. Supp. 2d 356, 364 (E.D. Pa. 2009) (finding no general jurisdiction where business with the state was less than one percent of total business); *Auto. Rentals, Inc. v. Keith Huber, Inc.*, No. 09-6186, 2010 U.S. Dist. LEXIS 77385, *11-12 (D.N.J. July 29, 2010) (finding no general jurisdiction where customers in the forum constituted only one percent defendant's customer base and holding "the presence of one salesman would not confer general jurisdiction").

### 3. Effects Test

LaserLock's allegations of WS Packaging's knowledge of LaserLock's proprietary ink and location in the Eastern District also fail to support personal jurisdiction, and therefore cannot establish venue in this district. To satisfy the "effects test" set forth in *Calder v. Jones*, 465 U.S. 783 (1984), LaserLock must demonstrate that: (1) WS Packaging committed an intentional tort; (2) LaserLock felt the brunt of the harm in the Eastern District and the Eastern District can be said to be the "focal point of the harm suffered" as a result of the tort; and (3) WS Packaging

"expressly aimed [its] tortious conduct at the [Eastern District] such that the [Eastern District] can be said to be the focal point of the tortious activity." *Marten*, 499 F.3d at 297 (internal quotations and citations omitted).

The effects test prevents a defendant from being haled into a forum solely because the defendant intentionally caused harm that was felt in that forum if the defendant did not expressly aim his conduct at that forum. *Id.* Instead, the plaintiff must "point to *specific activity* indicating that the defendant expressly aimed its tortious conduct at the forum. . . . [T]he [location] of a plaintiff's residence does not on its own create jurisdiction over nonresident defendants." *Id.* at 298 (emphasis added).

Even assuming that a claim for infringement is akin to an intentional tort, and viewing all facts in LaserLock's favor, it has not alleged any tortious conduct expressly intended to impact the Eastern District and has failed to allege that this district was the focal point of infringing activity. *See e.g., Max Daetwyler Corp. v. West German Corp.*, 762 F.2d 290, 299 (3d Cir. 1985) (rejecting aggregate contacts theory in patent infringement case and finding that sale of infringing products in a forum does not establish a tortious injury); *Visual Security Concepts, Inc. v. KTV, Inc.*, 102 F. Supp. 2d 601, 608 (E.D. Pa. 2000) (finding no personal jurisdiction where there was no purposeful contact with the forum and rejecting argument that patent infringement designation as a tort establishes jurisdiction).

## II. Jurisdiction and Venue Over the State Law Claims

LaserLock cannot establish jurisdiction based on diversity in the Eastern District for its unjust enrichment or unfair competition claims because it fails to plead the amount in controversy. *See e.g.,Corr. Med. Care, Inc. v. Gray*, 2008 U.S. Dist. LEXIS 6596, *11-12 (E.D.

Pa. Jan. 30, 2008) (finding no diversity jurisdiction where there was "a complete lack of any allegation of amount in controversy" and rejecting plaintiffs' argument "that their citation to § 1332 satisfies the pleading requirements because § 1332 contains the $75,000 amount in controversy requirement"). Even if the complaint were amended to correct this deficiency, LaserLock does not allege any conduct to support its state law claims beyond those acts that support the alleged infringement, such as bad faith or incremental benefit. Thus, regardless of the amount in controversy, LaserLock's claims for unjust enrichment and unfair competition are preempted by federal patent law. *See e.g., Knova Software, Inc. v. Inquira, Inc.*, No. 06-381-JJF, 2007 U.S. Dist. LEXIS 31121, *7-8 (D. Del. Apr. 27, 2007). LaserLock's claims for unjust enrichment and unfair competition will therefore be dismissed without prejudice.

## III. Conclusion

LaserLock has failed to allege any facts to support that the infringing activity arises out of or is focused in this district and WS Packaging's contacts with the Eastern District of Pennsylvania are insufficient to establish personal jurisdiction over its patent infringement claim. Venue in the Eastern District is therefore improper and I do not address WS Packaging's arguments for dismissal on the merits of the infringement claim.

Furthermore, LaserLock has not established that there is jurisdiction in the Eastern District of Pennsylvania for its state law claims of unjust enrichment and unfair competition because it failed to plead the amount in controversy and failed to plead acts beyond those that support its patent infringement claim. Pursuant to 48 U.S.C. § 1406(a), this matter will be transferred to the Western District of Pennsylvania where WS Packaging admittedly resides.

An appropriate order follows.