IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LASERLOCK TECHNOLOGIES, INC.,

      Plaintiff,                           11cv0223
                                              **ELECTRONICALLY FILED**

      v.

WS PACKAGING GROUP, INC.,

      Defendant.

**MEMORANDUM ORDER RE: DEFENDANT'S MOTION
FOR FEDERAL RULE OF CIVIL PROCEDURE 37 RELIEF (Doc. No. 101)**

Presently before this Court is Defendant WS Packaging Group, Inc.'s ("WS Packaging's") Motion for Federal Rule of Civil Procedure 37 Relief and documents in support thereof. Doc. No. 101 (with attachments). Defendant moves that this Court strike Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 37(b) for failure to comply with a Discovery Order (Doc. No. 85). Doc. No. 101-11. Specifically, Defendant contends that Plaintiff: (1) only provided unverified supplemental interrogatory responses (which its witnesses were unable to identify); and (2) invoked attorney-client privilege and work-product doctrine for the remaining interrogatories. Id. In response, Plaintiff contends that: (1) it has not been given an opportunity to correct errors before Defendant filed its Motion; (2) it satisfied Fed. R. Civ. P. 26(e); and (3) it has obeyed the Court's Order (Doc. No. 85). Doc. No. 105.

First, the Court gives significant weight to the representations of Plaintiff's counsel that they have complied with Discovery Orders. *See U.S. v. Kavanaugh*, 2009 WL 1177088, at *7 (W.D. Pa. April 29, 2009). The United States Court of Appeals for the Third Circuit has held that there is a "strong presumption against sanctions that 'decide the issues of a case.'" *Jeffrey*

*M. Brown Associates, Inc. v. CRK Contracting of Suffolk, Inc.*, 100 F.Supp.2d 323, 330 (E.D. Pa. 2000) quoting *Ali v. Sims*, 788 F.2d 954, 957-58 (3d Cir. 1986). The Court finds that Defendant's allegation do not support dismissal of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 37(b). Therefore, Defendant's Motion (Doc. No. 101) will be denied.

It is clear from the parties' briefs that communication difficulties are occurring between the parties. The Court urges the parties to first attempt to resolve disputes between themselves and to comply with Rule 1 of the Federal Rules of Civil Procedure which provides that litigation should be "the just, speedy, and inexpensive determination of any action and proceeding."

AND NOW, this 12th day of April 2012, IT IS HEREBY ORDERED that:

(1) Defendant's Motion to Strike Plaintiff's Complaint (Doc. No. 101) is **DENIED**.

(2) Plaintiff's Motion to Strike the Declaration of F. Paul Green (Doc. No. 101-1) contained within its Response in Opposition to Defendant's Motion to Strike (Doc. No. 105) is **DENIED**.

(3) Although requested by both parties, the Court will not award attorneys fees and costs related to this Motion to either party.

(4) To the extent necessary, both Parties shall supplement all interrogatory responses by the close of fact discovery.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:   All Registered ECF Counsel and Parties